IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIAM NIGOHOSIAN | § | |
| | § | |
| v. | § | CASE NO. 4:22-cv-960 |
| | § | **JURY** |
| THE KROGER CO. | § | |
| KROGER TEXAS L.P. | § | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT Defendants The Kroger Co. and Kroger Texas L.P. (hereinafter collectively "Kroger" or "Defendants"), while fully reserving all rights and defenses, file this Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division. Removal is proper under 28 U.S.C. §§1332 and 1441(a) because this is an action over which the United States District Court for the Southern District of Texas, Houston Division, has original diversity jurisdiction, as it is an action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In support of its Notice of Removal, Defendants respectfully would show as follows:

### I. GROUNDS FOR REMOVAL

1. This case is removable to this Court based on diversity jurisdiction under 28 U.S.C. §§1332 and 1441(a).

2. Plaintiff Mariam Nigohosian (hereinafter "Plaintiff") is a citizen of and an individual residing in Harris County, Texas.[1]

3. Defendant The Kroger Co. is a corporation. Defendant Kroger Texas L.P. is a limited partnership. KRGP, Inc. is the General Partner of Kroger Texas L.P., and KRLP, Inc. is the Limited Partner of Kroger Texas L.P. Both are organized and existing under the laws of the

---

[1] See Plaintiff's Original Petition attached hereto as Exhibit A, at ¶ 2.

State of Ohio.

4.   As described more fully below, Plaintiff seeks to recover from the Defendants an amount in excess of $75,000.00, excluding interest and costs, in her state court action.

## II.   PENDING STATE SUIT

5.   On or about November 16, 2021, Plaintiff filed a civil action against Defendants in Cause No. 2021-75230 styled *Mariam Nigohosian v. The Kroger Co. and Kroger Texas L.P.* in the 151st Judicial District Court of Harris County, Texas.[2]

6.   According to Plaintiff's Original Petition, she was injured at a store located at "1938 W Gray St, Houston, TX 77019" that Defendant allegedly owned and/or operated.[3]

7.   Plaintiff claims she stumbled and fell over a crate in the produce section in the store at issue, which purportedly caused her to "suffer a broken leg and knee fracture".[4]

8.   The name and address of the Court from which the case is being removed is:

> 151st Judicial District Court
> Harris County Civil Courthouse
> 201 Caroline, 11th Floor
> Houston, Texas 77002

## III.   STATE COURT DOCUMENTS

9.   The following documents are attached to this Notice of Removal:

> Exhibit A   Plaintiff's Original Petition.
>
> Exhibit B   Notices of Service of Process.
>
> Exhibit C   Defendants' Verified Denial and Original Answer.
>
> Exhibit D   An index of matters being filed.
>
> > D-1   Copy of the state court Docket Sheet/Record.

---

[2] *See* Exhibit A.
[3] *Id.* at ¶ 3.
[4] *Id.* at ¶ 12.

    D-2 Copy of Citations.

    D-3 A list of all counsel of record, addresses, telephone numbers, and parties.

    D-4 Civil Cover Sheet.

### IV. TIMING OF REMOVAL

10. Defendants were served with Plaintiff's Original Petition on February 22, 2022.[5] This Notice of Removal is being filed within 30 days of service of the Original Petition upon Defendants and is timely filed under 28 U.S.C. §1446(b).

### V. JURISDICTION

11. Pursuant to 28 U.S.C. §1332, a defendant has a right to remove a case to federal court if the case involves a dispute between completely diverse parties and the amount in controversy, excluding interest and costs, exceeds $75,000.00.

12. Plaintiff has asserted that she seeks monetary relief of no more than $250,000.00 or less.[6] Based on the allegations in Plaintiff's Original Petition, this matter is removable to this Court under 28 U.S.C. §1332 because the amount in controversy, excluding interests and costs, exceeds $75,000.00.

13. Plaintiff also alleges in her Original Petition that she is a citizen and resident of Texas.[7]

14. Defendant The Kroger Co. is a corporation organized and existing under the laws of the State of Ohio. However, as set forth in Defendants' Verified Denial and Original Answer, Defendant The Kroger Co. is not a proper party to this lawsuit.

---

[5] *See* Notices of Service of Process attached hereto as <u>Exhibit B</u>.
[6] *See* <u>Exhibit A</u>, ¶ 22.
[7] *Id.* at ¶ 2.

15. Defendant Kroger Texas L.P. is a limited partnership organized and existing under the laws of the State of Ohio. The following are the partners of Defendant, all of whom are incorporated in and citizens of the State of Ohio:

    a.    KRGP, Inc. is the General Partner of Kroger Texas L.P. KRGP, Inc. is incorporated in the State of Ohio and its principal places of business is in the State of Ohio.

    b.    KRLP, Inc. is the Limited Partner of Kroger Texas L.P. KRLP, Inc. is incorporated in the State of Ohio and its principal places of business is in the State of Ohio.

16. Accordingly, there exists complete diversity of citizenship between Plaintiff and Defendants under 28 U.S.C. §1332.

## VI.    VENUE

17. Pursuant to 28 U.S.C. §1441(a), venue for this action is proper in the United States District Court for the Southern District of Texas, Houston Division, as it is the federal judicial district that encompasses the 151st Judicial District Court of Harris County, Texas, where the state action was originally filed.

## VII.    NOTICE TO ADVERSE PARTIES AND TO STATE COURT

18. As the removing party, Defendants will give Plaintiff prompt written notice of this Notice of Removal as required by 28 U.S.C. §1446(d).

19. Defendants will also file a copy of this Notice of Removal with the 151st Judicial District Court of Harris County, Texas, where the state court action is currently pending, as required by 28 U.S.C. §1446(d).

## VIII.    ANSWER

20. Defendants timely filed an answer in the state court action. By removing this action to this Court, Defendants do not waive any defenses, objections or motions available to it

under state or federal law, and will timely file responsive pleadings to Plaintiff's Original Petition in this Court as well.

## **PRAYER**

21. For these reasons and in conformity with 28 U.S.C. §1446, Defendants respectfully remove the civil action styled *Mariam Nigohosian v. The Kroger Co. and Kroger Texas L.P.* and bearing Cause No. 2021-75230 on the docket of the 151st Judicial District Court of Harris County, Texas. Defendants pray for such other and further relief, both general and special, at law and in equity, to which they may show they are justly entitled.

Respectfully submitted by,

*/s/ Adraon D. Greene*
Adraon D. Greene
 Attorney-in-Charge
 Federal Bar No. 25029
 State Bar No. 24014533
 agreene@gallowaylawfirm.com
Whitney T. Joseph
 State Bar No. 24118429
 Federal Bar No. 3708325
 wjoseph@gallowaylawfirm.com

**OF COUNSEL:**
**GALLOWAY, JOHNSON, TOMPKINS**
  **BURR & SMITH**
1301 McKinney Suite 1400
Houston, Texas   77010
(713) 599-0700 – Phone
(713) 599-0777 – Fax
**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of March, 2022, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants. I also certify that I have forwarded this filing by regular U.S. Mail, postage pre-paid, this same day to all non-CM/ECF participants.

*Via E-Service: jburkhalter@smithandhassler.com*
James D. Burkhalter
SMITH & HASSLER
1225 North Loop West, Suite 525
Houston, Texas 77008
**ATTORNEY FOR PLAINTIFF**

                                                  */s/ Adraon D. Greene*
                                                  Adraon D. Greene
                                                  Whitney T. Joseph