Case 4:22-cv-00960   Document 1-1   Filed on 03/24/22 in TXSD   Page 1 of 7

11/16/2021 4:51 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 59224646
By: Cynthia Clausell-McGowan
Filed: 11/16/2021 4:51 PM

CAUSE NO. _____

| | | |
|---|---|---|
| MARIAM NIGOHOSIAN | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| vs. | § | ____ JUDICIAL DISTRICT |
| | § | |
| THE KROGER CO. AND KROGER | § | |
| TEXAS L.P. | § | |
| *Defendants* | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT**:

**COMES NOW**, MARIAM NIGOHOSIAN, hereinafter called Plaintiff, complaining of and about THE KROGER CO. AND KROGER TEXAS L.P., hereinafter called Defendants, and for cause of action show unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level II.

### II. PARTIES AND SERVICE

2. Plaintiff, MARIAM NIGOHOSIAN, is an Individual whose residing in Harris County, Texas

3. Defendants, THE KROGER CO. AND KROGER TEXAS L.P., own and operate a number of stores and businesses in Harris County, Texas including the location made the basis of this lawsuit located: 1938 W Gray St, Houston, TX 77019. The Defendants may be served with process through their registered agent: Corporation Service Company D/B/A CSC Lawyers incorporating Service Company at: 211 E. 7th Street, Austin, Texas 78701. Citation is hereby requested at this time.

### III. JURISDICTION AND VENUE

4.. The subject matter in controversy is within the jurisdictional limits of this court.

5. This court has jurisdiction over Defendants THE KROGER CO. AND KROGER TEXAS L.P., because they purposefully availed themselves of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants and the assumption of jurisdiction over said Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

6. Plaintiff would show that Defendants THE KROGER CO. AND KROGER TEXAS L.P., had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendants.

7. Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendants THE KROGER CO. AND KROGER TEXAS L.P., to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendants.

8. Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV.  FACTS

9. It has become necessary to bring this cause of action due to injuries and damages sustained by Plaintiff on or about September 5, 2020.  At the time of the incident made the basis of this lawsuit, Plaintiff was an invitee at the "KROGER." Located at 1938 W Gray St, Houston, TX 77019 in Houston, Harris County, Texas.

10. Plaintiff MARIAM NIGOHOSIAN was walking in the produce section. There was an abandoned crate around the corner of the isle that was not in clear view.

11. Plaintiff did not have any knowledge of the dangerous condition and could not have

reasonably been expected to discover same. Defendants either created the condition and/or failed to correct the condition or to warn Plaintiff of the dangerous condition, which constituted negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

12. Plaintiff stumbled upon the crate, fell to the ground and was injured. Specifically, Plaintiff suffered a broken leg and knee fracture.

## V. PLAINTIFF'S CLAIM OF PREMISES LIABILITY AGAINST THE KROGER CO. AND KROGER TEXAS L.P.

13. Defendants are liable to Plaintiff under the theory of premises liability based on the following negligent conduct:

  i. Failure to warn Plaintiff of the abandoned crate; and

  ii. Failure to remove abandoned crate from Plaintiff's view while walking around the isle.

14. Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

## VI. PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST THE KROGER CO. AND KROGER TEXAS L.P.

15. Plaintiff would show that, based on the above-described facts, Defendants were negligent. Defendants as occupier of the premises owed Plaintiff a duty to warn or make safe the defective condition(s) existing on Defendants' premises. The occurrence made the basis of this suit and Plaintiff's resulting injuries and damages were proximately caused by the negligent conduct of Defendants. Said acts and omissions include but are not necessarily limited to the following acts and/or omissions, to-wit:

 (a) Defendants through its employees and/or agents, had actual knowledge of the danger, or through the exercise of ordinary care, reasonably should have known of the danger posed by the presence of and location of this substance;

 (b) Defendants through its employees and/or agents failed to maintain the area in a reasonably safe condition, failed to inspect the premises where the dangerous condition existed, and failed to correct the condition by taking reasonable measures to safeguard persons who entered the premises;

 (c) Defendants failed to exercise ordinary care to protect Plaintiff from the danger by both failing to adequately warn Plaintiff of the location of dangerous conditions and failing to make the condition reasonably safe;

 (d) In that Defendants' agents and/or employees knew or reasonable should have known of the dangerous condition created by the liquid substance;

 (e) In that Defendants' agents and/or employees were at all pertinent times acting in the course and scope of their employment with Kroger;

 (f) In failing to properly train its agents and/or employees on proper procedures and protocols while working on Defendants' premises;

 (g) In failing to properly train its agents and/or employees on how to not create and/or how to eliminate dangerous conditions on Defendants' premises; and

 (h) In failing to properly supervise its agents and/or employees on the maintenance of Defendants' premises.

16. Defendants were also negligent in that it failed to act as reasonably prudent premises owner would have acted in the same or similar situation.

17. As a result of the Plaintiff stumbling over the abandoned crate, Plaintiff sustained debilitating knee and leg injuries. As a direct and proximate result of the dangerous conditions on Defendants' premises, Plaintiff has sustained the actual damages set forth below.

18. Plaintiff would show that, based on the above-described facts, Defendants were negligent in the operation and inspection of the location in question. Specifically, Defendants owed a duty to Plaintiff, and others, to provide a safe shopping environment as a reasonable prudent operator would have under the same circumstances. Defendants' breach of this duty

amounts to negligence which proximately led to Plaintiff's injuries.

19. All of the above acts and/or omissions, whether taken singularly or in any combination, constitute negligence at common law in the State of Texas and were proximate causes of Plaintiff's injuries and damages which are described below.

### VII. DAMAGES FOR PLAINTIFF MARIAM NIGOHOSIAN

20. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, MARIAM NIGOHOSIAN, was caused to suffer the following serious bodily injuries, and to incur the following damages for which Plaintiff seeks monetary relief:

    A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, MARIAM NIGOHOSIAN for the necessary care and treatment of the injuries resulting from the accident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

    B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C. Physical pain and suffering in the past;

    D. Physical pain and suffering in the future;

    E. Loss of Household Services in the past;

    F. Loss of Household Services in the future;

    G. Mental anguish in the past; and,

    H. Mental anguish in the future.

### VIII. DEMAND FOR TRIAL BY JURY

21. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## IX. TRCP RULE 47 STATEMENT OF RELIEF SOUGHT

22. As required by Texas Rule of Civil Procedure 47, Plaintiff states that she seeks only monetary relief of $250,000.00 or less and non-monetary relief. Plaintiff reserves the right to amend this Rule 47 statement as necessary.

## X. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, MARIAM NIGOHOSIAN, respectfully prays that the Defendants, THE KROGER CO. AND KROGER TEXAS L.P., be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Smith & Hassler

By: _____
**James D. Burkhalter**
Texas Bar No. 24105558
1225 North Loop West, Suite 525
Houston, Texas 77008
Tel. (713) 739-1250
Fax. (713) 864-7226
jburkhalter@smithandhassler.com

**ATTORNEY FOR PLAINTIFF,
MARIAM NIGOHOSIAN**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Aracely Escalante on behalf of James Burkhalter
Bar No. 24105558
aescalante@smithandhassler.com
Envelope ID: 59224646
Status as of 11/17/2021 7:59 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Aracely Escalante | | aescalante@smithandhassler.com | 11/16/2021 4:51:33 PM | SENT |
| Helen Calderon | | hcalderon@smithandhassler.com | 11/16/2021 4:51:33 PM | SENT |
| James Burkhalter | 24105558 | jburkhalter@smithandhassler.com | 11/16/2021 4:51:33 PM | SENT |

**EXHIBIT A**